NO. 07-04-0352-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 3, 2004

_____

TEDDY ROBINSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 88-408,306; HONORABLE CECIL G. PURYEAR, JUDGE

_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Teddy Robinson attempts to appeal the denial of a "Motion for New Trial/Time Reduction" following his conviction for murder.  Finding we have no jurisdiction, we will dismiss.

Appellant was found guilty of murder by a jury which also assessed punishment of 99 years confinement.  Sentence was imposed December 7, 1988.  No notice of appeal was filed from that judgment.  Appellant filed his "Motion for New Trial/Time Reduction" in

the trial court July 1, 2004.  The motion complains of errors in his trial.  The court denied the motion the same day.  He filed a notice of appeal from that order on July 12, 2004.

A timely notice of appeal is a prerequisite to a court of appeals' jurisdiction and in the absence of jurisdiction it can take no action other than to dismiss the appeal.  *Slaton v. State*, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).  A notice of appeal must be filed within 30 days after the day sentence is imposed unless a timely motion for new trial is filed, in which case appeal must be perfected within 90 days after the imposition of sentence.  Tex. R. App. P. 26.2(a).[1]  A motion for new trial must be filed no later than 30 days after imposition of the sentence.  Tex. R. App. P. 21.4.  Appellant's motion, filed over fifteen years after imposition of his sentence, fails to invoke this court's jurisdiction.  Lacking jurisdiction over the appeal, we dismiss it.

Per Curiam

Do not publish.

---

[1]The same deadlines applied under former Rule 41(b)(1) applicable at the time of appellant's conviction.